IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SERGIO CRUZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1299-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Sergio Cruz's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 13). Petitioner filed a Motion to Supplement (Doc. 15) and Respondent filed its response (Doc. 20). For the following reasons, the Court **GRANTS** Petitioner's Amended Motion.

On December 8, 2003, Petitioner Cruz was sentenced to a term of imprisonment of 262 months under the mandatory career offender guideline then in effect, §§ 4B1.1 and 4B1.2. At that time, he was determined to be a "career offender" with a base offense level of 34 and criminal history category of VI. (Presentence Investigation Report in 03-CR-30045-WDS, Doc. 120, ¶42-45). One of the prior convictions upon which the classification of career offender was based was a 2001 conviction for "walkaway" escape, stemming from Cruz's failure to return to a halfway house. (Id., ¶46). This was deemed a "crime of violence" under § 4B1.2(a)(2)'s residual clause.

Subsequently, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015) that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

924(e)(2)(B)(ii) was void for vagueness. On November 23, 2015, Petitioner filed a § 2255 motion asserting that his sentence was improper because he was classified as a career offender based solely on the residual clause in § 4B1.2, which was materially identical to the ACCA's void residual clause.

Recently, the Seventh Circuit issued a ruling in *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), holding that the same issues with the ACCA's residual clause applied to the career offender guideline's residual clause when its application had been mandatory, therefore rendering the latter void as well. 892 F.3d at 299-300 and 306. The Court also deemed this to be a substantive rule that it applies retroactively. *Id.* at 307.

In the aftermath of *Cross*, both Cruz and Respondent now agree that it was improper to use the walkaway escape conviction as a predicate crime of violence to invoke the career offender sentencing guideline. In the absence of the career offender sentencing enhancement, the parties stipulate that Cruz's guideline range (based on an offense level 29 and a criminal history category V) would have been 140-175 months' incarceration. As of this date, Cruz has served approximately 189 months in prison.

Relief under 28 U.S.C. § 2255 is limited. To succeed on a § 2255 petition, "a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Here, the parties agree that Cruz's case meets this high standard. Respondent suggests that Cruz is therefore entitled to a resentencing hearing. (Doc. 20 at ¶9). However, Cruz, citing the fact that he has already served a longer term than the high end of the revised guideline range,

requests that the sentence be altered to time served and that he be immediately released from custody. (Doc. 15 at 1-2).

Section 2255 empowers a court to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This Court finds no compelling reason to hold a resentencing hearing, especially in light of Cruz's implicit waiver of such a hearing in his request that the sentence be corrected to time served. (Doc. 15 at 2). Neither party suggests that the remainder of the sentence previously imposed (including the imposition of a five-year term of supervised release) is improper.

Accordingly, Petitioner's Amended Motion to Vacate (Doc. 13) and his Motion to Supplement (Doc. 15) are **GRANTED**. Petitioner Sergio Cruz's sentence is **CORRECTED** to impose a sentence of incarceration of time served, and the Court hereby **ORDERS** that Petitioner be released from custody. The order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. The Clerk of the Court is **DIRECTED** to enter an amended judgment and docket a copy of this Order in the underlying criminal case, *USA v. Cruz*, 03-CR-30045-WDS, reflecting the corrected term of incarceration and to furnish a copy of the amended judgment to the United States Marshals Service.

**IT IS SO ORDERED.**

**DATED: August 9, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**